By the Court. — The fourth error assigned, alleges; that the obligation declared on is a bond with a collateral, condition, and that therefore the finding of the jury should have been for the penalty to be discharged by the damages.
The fifth error assigned, alleges that the judgment should have been for the penalty to be discharged by the damages, and the court erred in giving judgment for interest not found by the jury, it being a bond with a colla-, teral condition.
These errors may be considered together. The condition of the bond is for the payment of $ 500, in horses, at cash valuation of two men mutually chosen, or other good convertable trade, on or before the 20th day of April 1802. A writ of inquiry was taken in the cause, and on the execution thereof, the jury found one penny in damages. The judgment of the court thereon is for S 1000, (the amount of the penalty of the bond) to be discharged by the payment of S 500, with interest thereon till paid.
It seems to the court that this bond must be considered as a bond with a collateral condition. It is a condition for the payment of property, and the expression “ S 500,” is used as the measure of the quantum of pro-, perty to be paid. It is a direct contract for property, and money could be recovered indirectly only, for a failure in the payment of the property, or a compliance with the contract: as the sum mentioned couíd only operate as the measure of the quantity of property to be *119 delivered, had it been tendered on the day, it can only be evidence of the quantity of damages the obligee has a right to recover for a breach of the condition, and is not a direct debt.
There might be cases where the obligee would have a right to recover more than the sum mentioned: in other cases he ought to recover no more, according to circumstances.
The law does not give interest as a matter of right, on contracts for property. Whether it should be allowed or not, depends on a variety of circumstances, in such contracts ; and these circumstances are proper for the consideration of a jury. Although justice might res-quire, in general, that it should be given, yet in cases specially circumstanced, it might operate manifest injustice. Those special circumstances, shewing that interest ought not to be allowed, the defendant might give in evidence, in mitigation of damages, upon the execution of a writ of inquiry.
The circuit court therefore erred in rendering judgment for interest in this case, without the same been found by the jury (a). having
Both the verdict and judgment are informal. The verdict ought to have found the value of the property, and interest, if the jury thought proper to allow it, jointly, as damages for the breach of the condition of the bond : and the judgment should have been rendered for the penalty of the bond, to be discharged by the damages found by the jury.-Judgment reversed.

w. ⅛*. land, poft. (a) See Kte-